COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


J. F. CATTELL ASSOCIATES, INC.
AND
PENNSYLVANIA NATIONAL MUTUAL
 CASUALTY INSURANCE CO.                   MEMORANDUM OPINION[*]
                                             PER CURIAM
v.   Record No. 1667-95-1                 DECEMBER 29, 1995

LOIS A. POWELL


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
              (William C. Walker; Donna White Kearney; Bradford C.
              Jacob; Taylor & Walker, on brief), for appellants.

              (Lawrence J. Pascal; Ashcraft & Gerel, on brief), for
              appellee.


     J. F. Cattell Associates, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Lois A. Powell's

bilateral carpal tunnel syndrome qualifies as a "disease" under

the Workers' Compensation Act ("the Act").  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     The facts are not in dispute.  Powell began working for

employer in 1985 as a production typist.  She spent ninety

percent of her seven and one-half hour workday typing.  Powell

types 103 to 106 words per minute.  During the last three to five

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

years of her employment, she experienced stabbing or shooting pains and periodic numbness in her hands. Because her symptoms became worse during the last year of her employment, Powell sought medical treatment from Dr. Dennis Faludi, an orthopedic surgeon, on July 14, 1994.

Based upon his examination of Powell and electrodiagnostic studies, Dr. Faludi diagnosed Powell as suffering from bilateral carpal tunnel syndrome. Because conservative treatment proved unsuccessful, Powell eventually underwent carpal tunnel release surgery.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993). As in Perdue, Powell's condition did not present as an obvious, sudden, mechanical or structural change in her body. Based upon our holding in Perdue and upon Dr. Faludi's diagnosis, we conclude that credible evidence supports the commission's finding that Powell's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

The commission also ruled that Powell proved that her carpal tunnel syndrome was caused by the repetitive trauma of her production typing duties. Employer did not appeal this finding. Therefore, it is binding and conclusive upon us.

For these reasons, we affirm the commission's decision.

Affirmed.